

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXX~~
~~WILL WILSON~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Weaver H. Baker, Chairman
State Board of Control
Austin, Texas

Dear Mr. Baker:                          Opinion No. O-5417

                                         Re: Availability of appropriation
                                             to Gatesville School for Boys
                                             for "discharge and transporta-
                                             tion."

        Your letter of June 21, 1943, requests the opinion of this
Department upon the question whether the appropriation for "discharge
and transportation" made to the Gatesville School for Boys in the cur-
rent eleemosynary appropriation bill is available for expenditure,
in view of the fact that no pre-existing law can be found authorizing
the payment of discharge money and transportation of boys discharged
from such school.

        Section 9 of the Act of March 29, 1887, establishing the
Gatesville School, read as follows:

        "Section 9.  Upon the discharge of any person so
committed to said house of correction and reformatory,
the Superintendent shall provide them with a suit of
suitable clothing and $5.00 in money, and procure trans-
portation for them to their homes, if resident of this
State, or to the county in which they may have been con-
victed, at his option."

        In 1889 the 21st Legislature passed the Act of April 2,
1889, "to provide for the more efficient government and maintenance
of the house of correction and the reformatory at Gatesville."

        Section 13 of this Act read as follows:

        "Section 13.  Upon the discharge of any persons so
committed to said house of correction and reformatory,
the Superintendent shall provide them with a suit of
suitable clothing and $5.00 in money, and procure trans-
portation for them to their homes, if resident of this

State, or to the county in which they may have been con-
victed, or to such other place in this State at which
said discharged inmate may have procured employment, at
his option; provided, that transportation shall not ex-
ceed that to the point from which said convict was con-
victed."

The codification of the statutes in 1895 carried Article
2952, which read as follows:

"Article 2952. Upon the discharge of any persons
so committed to said house of correction and reforma-
tory, the Superintendent shall provide them with a suit
of suitable clothing and $5.00 in money, and procure
transportation for them to their homes, if resident of
this State, or to the county in which they may have
been convicted, or to such other place in this State
at which said discharged inmate may have procured em-
ployment, at his option; provided, that such trans-
portation shall not exceed that to the point from
which said convict was convicted."

Article 2952 of the 1895 revision was carried forward in
the 1911 revision as Article 5233 of the Revised Civil Statutes, which
read as follows:

"Article 5233. All inmates of said institution
shall be provided with shelter, wholesome food and
suitable clothing, books and other material neces-
sary for their training, at the expense of the state,
except as otherwise provided by law."

It is to be noted that in this revision the codifiers did
not carry forward the provision for providing inmates, upon discharge,
with a suit of suitable clothing and $5.00 in money and transportation.

Article 5233 of the Revised Civil Statutes of 1911 was car-
ried forward as Article 5129 of the Revised Civil Statutes of Texas,
1925, which read as follows:

"Article 5129. The Superintendent shall divide
the inmates into such classes and shall house, feed
and train them in such manner as he deems best for
the development and advancement of the child. All
inmates shall be provided with shelter, wholesome
food and clothing, books, means of healthful recrea-
tion and other material necessary for their training,
at the expense of the State, except as otherwise pro-
vided by law."

The revision of 1925 "is not a mere compilation of previously existing laws, but constitutes the statutory laws of the State respecting the subject to which it relates, superseding previously existing laws which are omitted therefrom. * * *." --39 Tex. Jur. 10. Therefore, the failure to carry forward the provisions of Article 2952 of the 1895 revision into the 1925 revision operates as a repeal thereof.

There is, therefore, no provision of the general law authorizing the furnishing of clothing and the payment of a sum of money to, and the procuring of transportation for inmates of the Juvenile School upon their discharge from the institution. The power to do this can not be supplied by the general appropriation bill for the eleemosynary institutions of the State. New laws may not be passed or old ones repealed or amended through the medium of a general appropriation bill; the purpose of such bills is to supply the funds for the current operations of government under existing laws, and, by Article 3, Section 35, of the Constitution of Texas, such bills may contain only "the various subjects and accounts, for and on account of which money is appropriated." To allow the passing of new laws or the repeal or amendment of old ones in the general appropriation bills would utterly defeat the purpose of the constitutional requirement that "no bill * * * shall contain more than one subject, which shall be expressed in its title." -- State v. Field, 57 Tex. 203; Linden v. Finley, 92 Tex. 454; Conley v. Daughters of the Republic of Texas, 151 S. W. 883; Opinions of the Attorney General; 1916-1918, p. 119; 1928-1930, p. 209; Letter Book 60, p. 24; 1934-1936, p. 46, p. 71; Opinion No. 0-2573.

Since there is no law authorizing such expenditures for the benefit of inmates upon discharge, and the appropriation bill can not supply such authority for the reasons stated above, the expenditure of the item for such purpose would violate Article 3, Section 44, of the Constitution, as a grant of money out of the treasury to an individual on a claim not provided for by pre-existing law.

The appropriation item is void for another reason. As above noted, there is no longer any law prescribing the purposes for which appropriations for "discharge and transportation" can be expended. In the absence of such law, the item "discharge and transportation" is without ascertainable meaning. The appropriation does not set up any standards to govern the expenditure of such item. The amount of money to be paid the inmate upon discharge is not prescribed, nor is the nature of the transportation to be furnished. Neither is there any provision by which the amount to be paid the inmate, or the character of transportation to be furnished is in any wise limited or regulated. In such case, the appropriation is not "specific" as to its purpose, and therefore does not meet the requirements of Constitution, Article 8, Section 6.

RWF-MR-LM
APPROVED JUL 1, 1943
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS
APPROVED, OPINION COMMITTEE,
BY /s/ BWB, CHAIRMAN

Very truly yours
ATTORNEY GENERAL OF TEXAS
By /s/ R. W. Fairchild
R. W. Fairchild
Assistant